IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR MACONEGHY and         :
HOLLY MACONEGHY,             :
                             :
     Plaintiffs,             :
                             :
vs.                          :    CIVIL ACTION 08-0335-WS-M
                             :
COOPER TIRE & RUBBER COMPANY, :
                             :
     Defendant.              :

REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiffs (Doc. 5) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1).  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  It is recommended that Plaintiff's Motion to Remand be granted and that this action be remanded back to the Circuit Court of Wilcox County for all further proceedings.

The facts, very briefly and as asserted by Plaintiffs, are as follows.  On July 1, 2005, Plaintiffs Arthur and Holly Maconeghy, who are residents of Florida, were involved in a motor vehicle accident when the right rear tire of the Dodge Caravan in which they were driving/riding separated (*see* Doc. 1, Exhibit C, pp. 20-22, ¶¶ 1-2, 11-12).  "The vehicle went out of control and overturned" (*id.* at ¶ 12).  Arthur Maconeghy suffered serious injuries, causing him to be permanently disfigured and disabled (*id.* at pp. 22-23, ¶ 13).  Plaintiffs assert that Defendant

Cooper Tire & Rubber Company (hereinafter *Cooper Tire*) was the manufacturer of the tire which caused the accident (*id.* at p. 5, ¶ 17).

On June 27, 2007, Plaintiffs filed an action in the Circuit Court of Wilcox County,[1] asserting a claim under the Alabama Extended Manufacturer's Liability Doctrine, as well as claims for negligence, wantonness, and loss of consortium (Doc. 1, Exhibit C, pp. 18-31).  The action was removed to this Court, but was remanded back to the State Courts when Judge Steele determined that there had not been a showing that one of the Defendants had been fraudulently joined to the action to defeat federal jurisdiction.  *Maconeghy, et al. v. Cooper Tire & Rubber Co., et al.*, Civil Action 07-0539-WS-M (S.D. Ala. October 1, 2007).

Since this action was remanded, the Defendants other than Cooper Tire have been dismissed (Doc. 1, p. 4, ¶ 7; *see also* Doc. 5, pp. 6-9).[2]  On June 11, 2008, Defendant again removed this action, claiming that it is properly before this Court on the basis of diversity (Doc. 1).  Plaintiffs filed a Motion to Remand (Doc. 5) to which Defendant has filed a Response (Doc. 7);

---

[1]Defendant has asserted that "the claims in this case have absolutely no connection to Wilcox County, Alabama," referring to its Motion to Transfer Venue (Doc. 1, p. 2 n.1).  After searching the records, this Court found that the State Court determined that this action was properly brought in Wilcox County (Doc. 1, Exhibit K, pp. 8-9).

[2]Although Plaintiffs and Defendant do not agree on how it came to pass, they do apparently agree that they are the only remaining parties.

Plaintiffs have Replied (Doc. 8) to the Response.

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446(b) (Doc. 1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008). In a removal action, that burden is on the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse:

Plaintiffs hail from Florida while Defendant is incorporated under the laws of Delaware with its principal place of business in Ohio (Doc. 1, p. 3, ¶ 5; *see also* Doc. 1, Exhibit C, p. 20, ¶¶ 1-3). There would seem to be some dispute about whether the jurisdictional amount of $75,000 has been established—and when it was established—though there are other questions raised by Plaintiffs as well. The Court will address the jurisdictional amount first.

In their Motion to Remand, the Maconeghys state the following:

> The amount in controversy in this case is "readily deducible" from the substantial nature of the damages and injuries alleged in the Plaintiff's Complaint. In *Sanderson v. DaimlerChrysler Motor Corp.*, 2007 WL 2988222 (S.D. Ala., Oct. 9, 2007), this Court found that a complaint that alleged the plaintiff experienced both "serious and permanent disfigurement and scarring to her face and body," was sufficient on its own force to meet the defendant's burden of establishing the amount in controversy. "Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied." *Sanderson* at *1. This Court stated that "the description of the injury itself demonstrates that the amount in controversy more likely than not exceeds the jurisdictional amount." *Id.*
>
> The Maconeghys' Complaint alleges damages in much greater detail than what was alleged in *Sanderson*. . . . The Complaint's detailed description of the injuries and the damages sought by the Plaintiffs was sufficient "by its own force" to establish the amount in controversy exceeds $75,000.

(Doc. 5, pp. 5-6).

The Court notes that the *Sanderson* case was decided by Judge Steele, the District Court Judge in this action. *See Sanderson v. Daimler Chrysler Motor Corporation*, Civil Action 07-0559-WS-B (S.D. Ala. October 9, 2007) (Doc. 14). In the complaint in that action, the Plaintiff stated that she was involved in a motor vehicle accident which caused her to suffer, as noted above, "serious and permanent disfigurement and scarring to her face and body" (*Sanderson*, Doc. 1, Exhibit A, p. 3, ¶¶ 4-5); the complaint sought compensatory and punitive damages of more than $10,000 (*see Sanderson*, Doc. 14, p. 1). The only other evidence of record concerning the jurisdictional amount was an apparently unanswered letter from the Defendant's attorney which sought confirmation that the damages were more than $75,000; the final sentence of that letter stated as follows: "If I have received no response from you before 5:00 p.m. on Tuesday, July 31, 2007, I will assume that your silence confirms that Mrs. Sanderson is seeking damages of *more* than $75,000 in this case" (*Sanderson*, Doc. 1, Exhibit B) (emphasis in original). Judge Steele denied Plaintiff's Motion to Remand that action, finding that the "description of the injury itself" demonstrated that the jurisdictional amount of $75,000 had been met (*Sanderson*, Doc. 14, p. 3).

In this action, the Maconeghys' complaint states that Arthur was hurt as follows:

Arthur Maconeghy suffered serious and
permanent injuries which will affect him for
the rest of his life, including but not
limited to, multiple contusions and abrasions
and he is unable to perform normal daily
activities; he has undergone and will
continue to undergo medical and other
treatment for his condition; Mr. Maconeghy
has incurred and will continue to incur
medical expenses relating to his injury.  He
has lost wages and will continue to do so in
the future; Arthur Maconeghy has lost earning
capacity.  He has been permanently disfigured
and disabled.  He has suffered and will
continue to suffer in the future severe pain
and mental anguish and he has lost the
enjoyment of life; and has otherwise been
injured and damaged.

(Doc. 1, Exhibit C, pp. 22-23, ¶ 13).  Plaintiff Arthur seeks

compensatory and punitive damages (Doc. 1, Exhibit C, ¶¶ 23, 27,

and 29).  This Court finds that Plaintiffs are correct in arguing

that the complaint, as it described injuries as severe as those

raised by the Plaintiff in *Sanderson*, is sufficient to establish

that the amount in controversy, more likely than not, exceeds

$75,000.  However, this is not the end of the discussion.

Plaintiffs further argue that Defendant's Notice of Removal

is untimely (Doc. 5, pp. 4-6).  In making this argument, the

Maconeghys reference statutory language which states as follows:

If the case stated by the initial
pleading is not removable, a notice of
removal may be filed within thirty days after
receipt by the defendant, through service or
otherwise, of a copy of an amended pleading,
motion, order or other paper form which it
may first be ascertained that the case is one

6

>            which is or has become removable, except that
>            a case may not be removed on the basis of
>            jurisdiction conferred by section 1332 of
>            this title more than 1 year after
>            commencement of the action.

28 U.S.C. § 1446(b).  Plaintiffs do not challenge the one-year

limitation period;[3] rather, they argue that the thirty-day

limitation period has not been met, pointing to case law stating

that this time limit "is mandatory and must be strictly applied"

(Doc. 5, p. 4) (quoting *Holloway v. Morrow*, 2008 WL 401305 at *2

(S.D. Ala. February 11, 2008) (quoting *Clingan v. Celtic Life*

*Insurance Co.*, 244 F.Supp. 2d 1298, 1302 (M.D. Ala. 2003)).

Plaintiffs argue that the thirty-day clock began running on April

8, 2008, when the last remaining non-Cooper Tire Defendant was

dismissed (Doc. 5, p. 4).

    The Court finds Plaintiffs' argument persuasive.  Cooper

Tire had thirty days from April 8, 2008 to remove this action

once the last remaining Defendant (other than Cooper Tire) was

dismissed from the action.  Defendant did not remove the action

until June 11, 2008, so the removal comes too late.

    In summary, the Court finds that Defendants have met their

burden of establishing diversity jurisdiction, but have,

nevertheless, removed this action in an untimely manner under 28

U.S.C. § 1446(b).  Therefore, it is recommended that Plaintiffs'

---

[3]There is no dispute that this action was commenced on June 27, 2007 (Doc. 1, Exhibit C, pp. 18-31).  Cooper Tire removed this action on June 11, 2008 (Doc. 1).

Motion to Remand be granted and that this action be remanded to

the Circuit Court of Wilcox County for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 16th day of September, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE