IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ARTHUR MACONEGHY**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 08-0335-WS-M** |
| | ) |
| **COOPER TIRE & RUBBER COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on plaintiffs' Motion to Remand (doc. 5) this action to the Circuit Court of Wilcox County, Alabama. On September 16, 2008, after briefing by the parties, Magistrate Judge Milling entered a Report and Recommendation (doc. 9) in which he recommended that the Motion to Remand be granted because defendant removed this action in an untimely manner under 28 U.S.C. § 1446(b). Defendant has filed a Statement of Objection (doc. 10) and accompanying Memorandum of Law (doc. 11), urging the Court to reject the Magistrate Judge's recommendation. Plaintiffs have filed a Response (doc. 14) in opposition to defendant's Objection.[1]

    The procedure for removal of a civil action is governed by 28 U.S.C. § 1446(b), which generally requires notice of removal to be filed within 30 days after service of the initial pleading; provided, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

---

[1] In reviewing the Report and Recommendation, the Court recognizes its statutory obligation to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). That said, the Court also hews to the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted).

first be ascertained that the case is one which is or has become removable." § 1446(b). Thus, the statutory framework creates a two-pronged test for timely removal, to-wit: "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant. ... [I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of ... other paper from which the defendant can ascertain that the case is removable." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). "The time limit in 28 U.S.C. § 1446(b) is mandatory and must be strictly applied." *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp.2d 1298, 1302 (M.D. Ala. 2003) (citation omitted).

The Magistrate Judge's recommendation that this action be remanded to state court was predicated solely on his determination that defendant failed to comply with the 30-day removal requirement. Cooper Tire bases removal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. But the non-diverse defendant was dismissed from this case by the state court on April 8, 2008. In light of that fact, Judge Milling reasoned, "Cooper Tire had thirty days from April 8, 2008 to remove this action once the last remaining Defendant (other than Cooper Tire) was dismissed from the action. Defendant did not remove the action until June 11, 2008, so the removal comes too late." (Report and Recommendation, at 7.)

Cooper Tire objects to this reasoning. According to defendant, the April 8 dismissal of the non-diverse defendant did not trigger the 30-day § 1446(b) removal period because "[t]hat order only eliminated the citizenship barrier to removing this case; it did nothing to establish the amount of controversy at issue in this action." (Objection (doc. 10), ¶ 2.) According to Cooper Tire, defendant did not ascertain that the $75,000 amount-in-controversy threshold required for removal was satisfied until June 2 or 3, 2008.[2] Because defendant removed this case to federal court on June 11, 2008, mere days after discerning that the amount-in-controversy threshold was

---

[2] In particular, defendant points to plaintiffs' June 3, 2008 response to a request that they admit the amount in controversy exceeds $75,000, wherein they stated, "Plaintiffs have not determined the amount of damages they are claiming at this time." (Doc. 1, Exh. I, at 1-2.) Defendant also references an Offer of Judgment served on plaintiffs on May 16, 2008, wherein Cooper Tire offered to allow judgment to be taken against it in the amount of $76,000. (Doc. 1, Exh. J.) Plaintiffs never responded to that Offer of Judgment, such that the Offer lapsed by operation of Rule 68, Ala.R.Civ.P., on or about June 2, 2008.

satisfied, defendant argues, this Court should reject the Magistrate Judge's determination that removal was not effected within the requisite 30-day period.

Taken in context, Cooper Tire's argument that the "other paper" starting the 30-day clock was received in early June 2008 is unpersuasive and unavailing.  Here's why: Defendant has removed this case to this District Court twice, both times on a § 1332 diversity theory.  Cooper Tire first removed this action on July 31, 2007, at which time it was styled *Arthur Maconeghy, et al. v. Cooper Tire & Rubber Company, et al.*, Civil No. 07-0539-WS-M.  Plaintiffs timely moved to remand this matter to state court on the grounds that § 1332 diversity jurisdiction was lacking because both plaintiffs and then-defendant Dick Moye Auto Sales were citizens of Florida.  Neither plaintiffs' motion to remand nor the accompanying memorandum of law in Civil No. 07-0539 challenged Cooper Tire's ability to satisfy the $75,000 amount-in-controversy threshold required to support § 1332 jurisdiction.[3]  On October 1, 2007, this Court granted plaintiffs' motion to remand, finding diversity of citizenship lacking because the non-diverse defendant, Dick Moye Auto Sales, was not fraudulently joined.  The remand order in Civil No. 07-0539 neither held nor suggested that any defect existed as to the amount in controversy.  Thus, the only reason this case was remanded the first time was that complete diversity was lacking.  At no time did this Court express concern about the amount-in-controversy issue or suggest that Cooper Tire was on shaky ground in its assessment that at least $75,000 was in controversy in this litigation.

So the case returned to the Circuit Court of Wilcox County, Alabama, and proceeded in that forum for the next six months.  Then, on April 8, 2008, the state court granted Dick Moye Auto Sales' motion for summary judgment and dismissed it from the case, thereby eliminating the only non-diverse defendant and destroying the sole identified legal impediment to Cooper Tire's previous removal of this action to federal court.  This Court agrees with the Magistrate Judge that the state court ruling of April 8, 2008 dismissing the non-diverse defendant constituted "other paper" within the meaning of § 1446(b) and commenced the 30-day period for

---

[3] Indeed, the court file in Civil No. 07-0539 reflects that plaintiffs first contested the amount in controversy prong of § 1332 jurisdiction in their reply brief.  They raised this issue in neither their motion to remand nor their principal brief in support of same.

removal.[4]

Cooper Tire protests that it could not have removed the case in April 2008, even after dismissal of the non-resident defendant, because it did not know whether the amount-in-controversy threshold was satisfied. But Cooper Tire's own actions undermine its position. Cooper Tire had removed this very same case, based on the very same damages allegations and without the benefit of any discovery, in July 2007. At that time, Cooper Tire (which was represented by the same attorneys that it is now) represented to this Court that "it is apparent from the face of the Complaint that for the purposes of 28 U.S.C. § 1332(a) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." (Case No. 07-539, doc. 1, at 3.)[5] Certainly, then, Cooper Tire was convinced back in July 2007 that the $75,000 jurisdictional minimum was satisfied on the face of the Complaint. And nothing that this Court ordered during this case's prior foray in federal court, or its remand from same, might reasonably have caused Cooper Tire to reconsider this stance. Simply put, if Cooper Tire felt it had enough information on the face of the Complaint to satisfy the amount in controversy in July 2007, and if neither this Court nor the Eleventh Circuit has said or done anything to disabuse defendant of that notion in the interim, then Cooper Tire had no reasonable need to conduct

---

[4] The Court recognizes that the parties dispute whether Dick Moye Auto Sales was voluntarily dismissed by plaintiffs. Of course, if plaintiffs did not voluntarily dismiss their claims against the non-diverse defendant, and if that defendant were instead dismissed involuntarily, then this case would not have become removable again. *See, e.g., Lane v. Champion Int'l Corp.*, 844 F. Supp. 724, 729 (S.D. Ala. 1994) ("Under the voluntary/involuntary rule, a defendant may remove a qualified diversity action from state to federal court after the dismissal of a nondiverse defendant only if the plaintiff voluntarily dismissed the nondiverse defendant."). Assuming without deciding the correctness of Cooper Tire's characterization of Dick Moye Auto Sales' dismissal as a voluntary act by plaintiffs, that dismissal order was indeed "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

[5] In a brief filed in Case No. 07-539, Cooper Tire contended that the amount in controversy was satisfied not only on the face of the Complaint, but also based on a letter dated July 31, 2007 wherein defense counsel had "asked Plaintiffs' counsel to advise as soon as possible in the event Plaintiffs' [*sic*] claimed less than $75,000. ... Plaintiffs' counsel did not respond, further confirming that the amount in controversy is in excess of $75,000, exclusive of interest and costs." (Case No. 07-539, doc. 12, at 5 n.3.)

discovery relating to the amount in controversy before removing this case for the second time following the non-diverse defendant's dismissal.  As such, it is the finding of this Court that neither the discovery responses of June 3, 2008 nor plaintiffs' failure to accept the offer of judgment, effective June 2, 2008, qualifies as "other paper" that might start a new 30-day clock for removal.

In response, Cooper Tire balks that *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), created stringent new rules for removal that would have doomed any attempt to satisfy the amount-in-controversy element prior to the June 2 and June 3 "other paper."  But *Lowery* was decided on April 11, 2007, more than three and a half months before Cooper Tire removed this case the first time.  If Cooper Tire did not believe that *Lowery* posed an impassable obstacle to the amount-in-controversy aspect of its removal of this case in July 2007, then Cooper Tire should not have needed to conduct discovery on the amount in controversy to satisfy *Lowery* prior to removing the case anew in June 2008.  Besides, as the Magistrate Judge correctly noted, this Court has concluded in the post-*Lowery* world that a complaint that fails to expressly demand over $75,000 may still be removable on diversity grounds where the complaint's "description of the injury itself demonstrates that the amount in controversy more likely than not exceeds the ... jurisdictional amount."  *Sanderson v. Daimler Chrysler Motor Corp.*, 2007 WL 2988222, *1 (S.D. Ala. Oct. 9, 2007); *accord Lowery*, 483 F.2d at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").  In this case, the Complaint alleges that Mr. Maconeghy "suffered serious and permanent injuries which will affect him for the rest of his life," that "he is unable to perform normal daily activities," that "he has been permanently disfigured and disabled," and that he "has suffered and will continue to suffer in the future severe pain and mental anguish." (Doc. 1, Exh. C, at 22, 23, 26, 28.)  For the reasons stated in the Report and Recommendation, this Court concurs that the Complaint describes injuries of sufficient severity that the amount in controversy is satisfied on the face of that pleading, as it was in *Sanderson*.  The subsequent discovery responses (or silence in the face of an offer of judgment) cannot be "other paper" for the simple reason that Cooper Tire had correctly decided that it could "first be ascertained that the case is one which is or has become removable" with respect to the amount in controversy way back at the time of service of the

original Complaint, rendering the "other paper" doctrine inapplicable.

In short, then, the Court agrees with the Magistrate Judge, the Maconeghys, and Cooper Tire itself (at least, the position it took in July 2007 when it removed this case the first time) that the face of the Complaint demonstrates that the amount in controversy more likely than not exceeds the jurisdictional amount.  Accordingly, Cooper Tire did not have the luxury of waiting until it got around to submitting discovery requests or offers of judgment before removing; rather, once the non-diverse defendant was dismissed from the case, the last impediment to diversity jurisdiction had been destroyed and Cooper Tire had 30 days from that point to effect removal, by the clear operation of § 1446(b).  Cooper Tire failed to do so, and plaintiffs timely and correctly objected that the removal was untimely.

For all of these reasons, as well as those stated in the Report and Recommendation, the Court **adopts** the Report and Recommendation (doc. 9).  As such, plaintiffs' Motion to Remand (doc. 5) is **granted**, and this action is hereby **remanded** once again to the Circuit Court of Wilcox County, Alabama for further proceedings.

DONE and ORDERED this 3rd day of November, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE